UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                  Case No. 05-80334-dte

   Isidoro Parisi,

                  Chapter 7

      Debtor.
-----------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER

*Appearances:*

Thaler & Gertler, LLP
*Attorneys for the Chapter 7 Trustee*
By: Andrew M. Thaler, Esq. and Katherine A. Geraci, Esq.
90 Merrick Avenue, Suite 400
East Meadow, NY 11554

New York State Insurance Fund
*Attorneys for New York State Insurance Fund*
By: John Kiba, Esq.
100 Chestnut Street, Suite 1000
Rochester, NY 14604

Gorlick, Kravitz & Listhaus, P.C.
*Attorneys for Debtor*
By: Mercedes Neira, Esq.
17 State Street, 4th Floor
New York, NY 10004

The Law Office of Daniel P. Buttafuoco & Associates, PLLC
*Special Counsel to Trustee*
By: Daniel P. Buttafuco, Esq.
144 Woodbury Road
Woodbury, New York 11797

Department of Justice
*Attorneys for the Office of the United States Trustee*
By: Christine Black, Esq.
560 Federal Plaza
Central Islip, New York 11722

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

On March 30, 2011 the Trustee filed the instant motion seeking this Court modify an order entered by this Court on May 20, 2010, which granted the Trustee's motion to approve a settlement of the Debtor's pre-petition personal injury lawsuit (the "May 2010 Order"). The May 2010 Order conditioned this Court's approval of the settlement on the New York Workers' Compensation Board giving its approval of a stipulation entered into between the Debtor and the Trustee dated November 9, 2009 in which the Trustee and the Debtor agreed that the Debtor would receive $10,000.00 for his claimed exemption rights out of the proposed settlement of a personal injury lawsuit (the "Exemption Stipulation"). This is a core proceeding pursuant to 28 U.S.C. §§ 157 (b)(2)(A) and (B), and 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND:

1. The Debtor's Prepetition Personal Injury Lawsuit

Prior to filing his chapter 7 petition the Debtor was injured while working as a construction worker. He applied for and received workers' compensation benefits from his employer's (Bri-Den Construction Co., Inc.) workers' compensation carrier, the New York State Insurance Fund ("NYSIF") in the sum of approximately $51,043.98, which consisted of both wage replacement payments and medical expense payments. Pursuant to those payments, and in accordance with New York Workers' Compensation Law § 29[1], the NYSIF had a secured lien in the sum of those payments against any recovery that the Debtor would receive pursuant to a

---

[1] Section 29 provides that if an employee chooses to commence a lawsuit against a third party, and that employee has already received compensation and medical benefits, "the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier." NY CLS Work Comp § 29.

2

lawsuit against a third party. The NYSIF's secured lien is the only interest that the NYSIF has in this case.

The Debtor commenced a prepetition personal injury lawsuit in 2004 against various third party tortfeasors due to his injuries. A copy of the state court complaint filed with the Court names the following defendants in that action: the City of New York, the New York City Department of Education, the New York City Department of Cultural Affairs, the New York City Board of Education, and Bovis Lend Lease, Inc. (ECF Docket Nos. 8, 11, and 14). Trustee's Special Counsel's Affidavit in support of the Trustee's motion to settle the personal injury lawsuit named two additional defendants that were not listed on the original complaint: Local 808 I.B.T. Pension Fund and Rockledge Scaffold Corporation.

2. The Exemption Stipulation

Upon the filing of the Debtor's bankruptcy case on January 20, 2005, the lawsuit became property of the estate. The Trustee elected to administer the lawsuit for the benefit of the estate and he retained special counsel. On March 30, 2005 the Debtor filed an Amended Schedule "C" and sought to claim the entire proceeds of the personal injury lawsuit as exempt under the Bankruptcy Code. The Trustee objected to the Debtors' claimed exemptions, and the parties began negotiations to resolve their dispute as to what amount of the settlement of the lawsuit the Debtor would be entitled to as an exemption. While the Trustee was negotiating with the Debtor and his counsel, the Trustee's special counsel was finalizing a settlement of the personal injury lawsuit. Once a settlement of the lawsuit had been reached in principle, the Trustee and the Debtor entered into the Exemption Stipulation, which provided that the Debtor would receive an exemption in the settlement proceeds of the lawsuit in the total sum of $10,000.00, representing (1) $7,500.00 for the Debtor's personal injury exemption; and (2) $2,500.00 for the Debtor's

claimed exemption for future lost earnings. The Debtor's estate would receive the remainder of the settlement proceeds after the payment of special counsel's fees and payment of NYSIF's lien pursuant to New York Workers' Compensation Law § 29. The Exemption Stipulation was signed by both the Trustee and the Debtor's counsel, and it was approved by this Court on November 3, 2009.

### 3. The Personal Injury Settlement

After the Court approved the Exemption Stipulation, the Trustee filed a motion seeking approval of the settlement of the personal injury lawsuit for $90,000.00. The personal injury funds were paid by the defendant's insurance company. The settlement provided that the proceeds would be distributed as follows: (1) the Debtor would receive $10,000.00 pursuant to the Exemption Stipulation; (2) the Trustee's Special Counsel would receive $33,106.04 (representing fees and expenses); (3) the NYSIF would receive $32,333.87 (a negotiated amount between Trustee's Special Counsel and the New York State Insurance Fund that resolved the NYSIF's approximately $51,043.98 alleged secured lien); and (4) the Debtor's estate would receive the remainder. However, the Trustee's motion requested that the NYSIF's funds be held in escrow pending documentation being provided to the Trustee that would establish what treatment the Debtor had received prepetition and what treatment the Debtor had received postpetition as the Trustee questioned what sum, if any, was appropriate for the estate to pay the NYSIF for postpetition payments that the NYSIF made to the Debtor.

### 4. The New York State Insurance Fund's Objection To The Settlement

While the NYSIF approved of the settlement with the defendants in the personal injury action pursuant to New York Workers' Compensation Law § 29, it objected only to the part of the Trustee's motion in which the Trustee sought to escrow the funds owed to it. The NYSIF

argued that it was entitled to payment of the funds immediately, and that it had already agreed to accept a lower amount ($32,333.87) than the amount of its alleged secured lien against the settlement proceeds ($51,043.98). The NYSIF stated that once the funds were paid to the NYSIF, the Chapter 7 Trustee could disburse the funds to the Debtor pursuant to the Exemption Stipulation and the "Chapter 7 Trustee shall retain the balance of the settlement proceeds in the bankruptcy estate." (ECF Docket No. 54).

Ultimately, the Trustee withdrew his request to escrow the funds and consented to pay the NYSIF the agreed upon sum in satisfaction of its lien. However, the NYSIF reversed its position as to the Exemption Stipulation, arguing that it was improper as it violated New York Workers' Compensation Law § 32 since it was not approved by the New York Workers' Compensation Board (the "Board"). The NYSIF argued that since it reserved its right to credit the entire balance of the net proceeds against the Debtor's future workers' compensation claims, pursuant to New York Workers' Compensation Law § 29, the Debtor should retain all of the net proceeds of the settlement. This would result in the Debtor's estate receiving none of the proceeds of the settlement. The Debtor filed a brief echoing the NYSIF's position. The parties ultimately agreed to submit the Exemption Stipulation to the Workers' Compensation Board, and on May 10, 2010 this Court entered an Order approving the Trustee's motion to settle the personal injury lawsuit, subject to and conditioned upon the Board providing its written approval of the Exemption Stipulation.

5. <u>The Approval Letter From The New York State Insurance Fund</u>

Around December 2010, the Trustee's special counsel spoke with a Supervising Attorney for the NYSIF, who told him that the Board's approval was unnecessary as the NYSIF had approved the settlement. Shortly thereafter on December 20, 2010, Trustee's Special Counsel

received a letter from a Supervising Attorney with the NYSIF confirming the contents of the conversation. (ECF Docket No. 73). When the Trustee's Special Counsel received this letter he transmitted it to the Trustee, who distributed the settlement funds, in compliance with the May 2010 Order, to the Debtor, the Trustee's Special Counsel and the NYSIF. A review of the letter from the Supervising Attorney for the NYSIF does not reveal any reference to the Exemption Stipulation and the NYSIF's position as to whether or not the Board needed to give its approval of same. Rather the letter focuses its attention on the settlement of the personal injury lawsuit.

    6.   <u>The Workers' Compensation Board Hearing</u>

Unbeknownst to the Trustee or his Special Counsel, on March 4, 2011 the Board held a hearing on the Exemption Stipulation. The Trustee states that neither he nor his Special Counsel was informed of the hearing and therefore did not appear. The Board's decision noted that the NYSIF had requested the hearing on the legality of the Exemption Stipulation on August 23, 2010, and that the NYSIF had requested that the Exemption Stipulation be disapproved. (ECF Docket No. 73). In addition, the Notice of Decision stated that the NYSIF had drafted the decision and submitted it to the Board on February 28, 2011, and that the Board adopted the NYSIF's drafted decision. (ECF Docket No. 74). It is unclear as to why the NYSIF did not submit a copy of this to the Trustee or his Special Counsel. The decision adopted by the Board held that: (1) the Exemption Stipulation was subject to approval by the Workers' Compensation Board, (2) finding that the Exemption Stipulation was violative of Workers' Compensation Law § 32, and (3) determining that the Debtor's Bankruptcy Estate could not retain the net proceeds of the personal injury settlement.

After being informed of the decision, the Trustee filed the instant motion for this Court to modify its May 2010 Order and remove that portion of the order that conditioned this Court's

approval on the Board approving the Exemption Stipulation. The Trustee argued that he never received notice of any hearings before the Board and that he relied on the letter provided by the NYSIF in December 2010. Upon receiving the letter the Trustee then made the necessary payments, including a payment to the NYSIF, which the NYSIF did not object to nor did the NYSIF return the funds in light of the arguments and position it was taking before the Board. Without the Exemption Stipulation the Trustee would not have sought to settle the personal injury lawsuit on the terms that he did, which would have prevented the NYSIF from receiving its funds. The Trustee also argues that the Exemption Stipulation did not need the approval of the Workers' Compensation Board. The NYSIF opposed the instant motion, and after arguments were heard on April 21, 2011 this Court took the matter under submission.

Subsequent to this date, the Trustee learned that the Board issued another decision on April 14, 2011 in this matter, which was a date seven days prior to this Court's hearings on the Trustee's motion. In this decision the Board rescinded and amended the earlier decision (the "Amended Decision"). The Amended Decision consisted of only one paragraph and stated that the Trustee's Exemption Stipulation with the Debtor violated section 32 and 33[2] of the Workers' Compensation Law. (ECF Docket No. 78).

### DISCUSSION:

1. *Is The Trustee's Motion Timely?*

The Trustee's instant motion requests that this Court modify its May 2010 Order to excise the requirement for the Board to approve the Exemption Stipulation. Federal Rule of Civil Procedure 60 (as applicable to the Bankruptcy Court via Federal Rule of Bankruptcy Procedure

---

[2] Workers' Compensation Law §33 states that workers' compensation benefits shall be "exempt from all claims or creditors" or attempts at recovery. NY CLS Work Comp § 33. As the proceeds at issue are from the settlement of the Debtor's personal injury litigation, and are not workers' compensation benefits, Workers' Compensation Law § 33 is inapplicable to this proceeding.

7

9024) provides that such a motion must be made within a reasonable time. As this motion was filed three weeks after the Trustee learned of the Board's disapproval of the Exemption Stipulation and within one year of the May 2010 Order, this Court finds that the motion is timely.

In his motion the Trustee argues that the May 2010 Order does not address a scenario where the Board would have disapproved of the Exemption Stipulation. The Trustee argues that "[w]ithout modification of the May 20, 2010 Order, the Trustee's only remedy is to seek a return of the monies already paid to the NYSIF, Special Counsel and the Debtor, and engage in further litigation regarding the propriety of WCB approval and the Debtor's right to take an exemption for the entire proceeds of the settlement …." (ECF Docket No. 75). This would likely result in time consuming litigation and motion practice, and would serve to escalate the costs to all parties and to the Debtor's estate. Thus, the Court finds that there is sufficient cause for the Court to entertain the Trustee's motion to modify the May 2010 Order.

2. *Does the New York State Insurance Fund Have Standing?*

The NYSIF takes it upon itself to argue, on behalf of the Debtor, that the Debtor's bankruptcy estate is not entitled to any of the proceeds of the settlement, and that the Exemption Stipulation violates New York Workers' Compensation Law. The NYSIF states that the Debtor would not receive additional workers' compensation payments or have eligible medical bills paid by the NYSIF until the Debtor exhausts the credit of $24,560.09 (representing the net proceeds of the settlement). However, due to the Exemption Stipulation the Debtor will only receive $10,000.00 of the net proceeds, as the remainder will have gone to his bankruptcy estate. The NYSIF argues that since it will be crediting the Debtor with the full $24,560.09, the Debtor should receive that amount in cash despite what the Exemption Stipulation states.

The Trustee argues that the NYSIF has no standing to raise these arguments as the NYSIF has already received payment of the sum that it agreed to accept in lieu of its total lien against the settlement proceeds, and, despite its current objections, the NYSIF has not returned any of the funds to the Trustee. Therefore the Trustee argues that the NYSIF has no injury and no legal reason to object to the instant motion. This Court agrees with the Trustee.

It is undisputed that the NYSIF has approved of the settlement and has already received the sum of $32,333.87, which represented a negotiated sum reducing NYSIF's $51,043.98 lien against the settlement proceeds. *See* N.Y. Work. Comp. § 29; *Jackson v. City of New York*, 70 A.D.3d (2d. Dep't 2010). Upon payment of its secured lien the NYSIF no longer has any injury or interest in the remainder of settlement proceeds. *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643 (2d Cir. N.Y. 1988) (noting that standing is a two-step inquiry: "first, whether [the] litigant has been sufficiently injured and second, whether he is the proper proponent of the rights he seeks to assert") (internal citations omitted); *see also In re E.S. Bankest, L.C.*, 321 B.R. 590, 597 (Bankr. S.D. Fla. 2005) (finding that a party bringing a motion to convert a chapter 11 case lacked standing because it was not affected by the debtor's bankruptcy case). Here the NYSIF is not injured as it has already received the funds that it agreed to accept as a settlement of its secured lien, and the arguments made by the NYSIF would be more properly argued by the Debtor (who has not filed any papers in response to the instant motion). Therefore, the Court finds that the NYSIF, which has no financial or other interest in this case, lacks standing to object to the Trustee's instant motion.

It bears mentioning that at the hearing held before this Court on June 9, 2011 the Debtor's counsel appeared and stated that the Debtor would file a motion to vacate the Exemption Stipulation, relying on the arguments raised by the NYSIF. As of the date of this

Memorandum Decision and Order the Debtor has not filed any motion, nor has the Debtor filed any papers in response to the instant motion.

Notwithstanding NYSIF's lack of standing, the Court finds, as set forth below, that the Exemption Stipulation does not violate New York Workers' Compensation Law.

3. *Does Workers' Compensation Law § 32 Apply To The Exemption Stipulation?*

"Workers' compensation is an injured employee's only remedy against his employer. A worker's right to receive such compensation cannot be waived. N.Y. Work. Comp. Law § 32 (McKinney 1993)." *Warden v. E.R. Squibb & Sons*, 840 F. Supp. 203, 206-07 (E.D.N.Y. 1993). Section 32 is titled "Waiver Agreements", and states that "[n]o agreement or release except as otherwise provided in this chapter by an employee to waive his right to compensation under this chapter shall be valid". N.Y. Work. Comp. Law § 32. It further provides in section [a] that "[w]henever a claim has been filed, the claimant or the deceased claimant's dependents and the employer, its carrier, the special disability fund … or the aggregate trust fund … may enter into an agreement settling upon and determining the compensation and other benefits due to the claimant or his or her dependents. *See Abel v. Wolff & Dungey Inc.* 287 A.D.2d 914 (N.Y. App. Div. 3d Dep't 2001) (rejecting an agreement between a claimant, claimant's counsel, and a fund because the claimant's counsel was not a party specifically referenced in section 32 as a party that can be a signatory on the agreement). The agreement shall not bind the parties to it, unless it is approved by the board." N.Y. Work. Comp. Law § 32 [a]. This references agreements between an employer and an employee who is injured while employed by the employer.

A review of case law shows that section 32 governs restrictions of waivers of workers' rights to employment compensation, and covers litigation between claimants and their employers or their employers' workers' compensation carriers. *See e.g., Dobson v. Citigroup, Inc*., 2009

10

U.S. Dist. LEXIS 53344, *2 (W.D.N.Y. June 23, 2009) (noting that a claimant and her employer entered into a settlement agreement resolving the claimant's workers' compensation claim against the employer due to injuries received on the job); *Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26492 (S.D.N.Y. Mar. 20, 2009); *Warden v. E.R. Squibb & Sons*, 840 F. Supp. at 208 ("Section 32 specifically invalidates waivers of the right to 'compensation.' It does not address, much less invalidate, waivers of discrimination claims. Because claims of discrimination in retaliation for filing or attempting to file compensation claims may be waived, the fact that the settlement agreement includes a release of such claims does not render it unenforceable."). Section 32 invalidates waivers of compensation by an employee who would be entitled to workers' compensation from his employer or the employer's workers' compensation carrier. Section 32 does not invalidate agreements between a debtor and a trustee in a bankruptcy case which resolves other issues raised in the bankruptcy case, i.e., the settlement of a dispute regarding the debtor's interest in exempt property in his bankruptcy case.

The legislative intent of the law supports this interpretation. In 1996 the law was amended, and in a section titled "Legislative Intent" it states: "When New York's workers' compensation law was enacted in 1914 it signified the culmination of agreement between labor and management designed to provide timely payment of disability and medical benefits to injured workers at a reasonable cost to employers." 1996 N.Y. ALS 635, 1; *see also Warden v. E.R. Squibb & Sons*, 840 F. Supp. at 208 ("[S]ection 32 by its terms applies only to compensation claims" as between an employer and an employee). Therefore section 32 does not apply to the settlement of the Debtor's personal injury lawsuit brought against third party tortfeasors, or the agreement entered into between the Debtor and the Trustee which limited the Debtor's recovery of funds he might be entitled to as exemptions pursuant to the Bankruptcy

Code under the settlement of the personal injury lawsuit. It is undisputed that the Debtor and the Trustee are not in an employee/employer relationship.

The Exemption Stipulation does not fall under the scope of Workers' Compensation Law § 32 as it does not address what the Debtor might receive from workers' compensation. For all of these reasons, the Workers' Compensation Board is not a necessary party, and its approval of the Exemption Stipulation is unnecessary and unwarranted.

Additionally, the Debtor was represented by counsel during negotiations with the Trustee, and in fact Debtor's counsel signed off on the Exemption Stipulation. (ECF Docket No. 52). The fact that the NYSIF states that it would hold the Debtor to a credit for the full amount of the net proceeds of the settlement ($24,560.09) when the Debtor would receive only $10,000.00 in cash is an issue between the Debtor and the NYSIF. It is also a factor that the Debtor should have, and may have, considered when he entered into the Exemption Stipulation with the Trustee. The Trustee relied on the Exemption Stipulation in effectuating the settlement of the personal injury lawsuit and distribution of the proceeds of the settlement. As the Trustee has already distributed the funds to the proper parties, including the NYSIF and the Debtor, the Debtor's estate would be highly prejudiced if the estate had to bear the costs, in both time and funds, to recoup the funds and start from square one with the settlement.

The NYSIF argues that the case of *In re Herald*, 294 B.R. 440 (Bankr. N.D.N.Y. 2003) supports its position that the Exemption Stipulation should be set aside and the Debtor should receive all of the net proceeds of the settlement. This Court disagrees. In *In re Herald*, the issue was whether workers' compensation benefits qualified as disability benefits under section 282 of New York Debtor & Creditor Law. The debtor had scheduled both a workers' compensation claim and a job harassment claim against her employer, and both were settled by the case

trustee's special counsel. However, the settlement did not contain an apportionment of how much was attributable to the debtor's workers' compensation claim and how much was attributable to the debtor's job harassment claim. *Id.* at 445. The bankruptcy court found that based on the paucity of the evidence submitted to support the job harassment claim, all of the settlement proceeds were attributable to the debtor's workers' compensation claim, and therefore were exempt from the debtor's estate pursuant to New York Debtor & Creditor Law § 282.2. *Id.* This is not the same set of facts as are before this Court. Here the settlement proceeds, which are the subject of the dispute, were not from the Debtor's workers' compensation claim, but rather were from the settlement of the personal injury action against third party tortfeasors that were not the Debtor's employer. As such, *In re Herald* is inapplicable. Therefore, the Court finds that New York Workers Compensation Law § 32 does not apply to the Exemption Stipulation, and the Board's approval is unnecessary.

## CONCLUSION:

Based upon the above findings of fact and conclusions of law, the Trustee's motion to modify this Court's May 2010 Order is granted. Any and all references in the May 2010 Order that required the New York Workers' Compensation Board's approval of the Exemption Stipulation is hereby removed nunc pro tunc as inappropriate and unnecessary, and the Trustee is authorized to take any and all actions necessary to effectuate the terms of the personal injury settlement and the Exemption Stipulation.

So ordered.



Dated: Central Islip, New York
August 30, 2011

*Dorothy Eisenberg*
**Dorothy Eisenberg**
**United States Bankruptcy Judge**

13